WILSON (HARMANSON v.). See Case No. 6,074.

WILSON (HEYER v.). See Case No. 6,446.

WILSON (HITCHEN v.). See Case No. 6,541.

## Case No. 17,808.

### WILSON v. HURST.

[Pet. C. C. 140.][1]

Circuit Court, D. Pennsylvania. April Term, 1815.

EXECUTION—MOTION TO QUASH—REVIVOR OF JUDGMENT.

1. A fieri facias issued in 1806, under which there was a levy and condemnation of the real estate of the defendant, and afterwards a venditioni was taken out. The levy, inquisition and venditioni were quashed. Afterwards the defendant died. In 1813, a fieri facias was issued, and a levy made on sundry lots in the hands of persons, purchasers thereof since the judgment. This execution was quashed on the ground that the judgment ought to have been revived, against the defendant's executors, in order to make it the foundation of this process; although it might have been different, had an alias fieri facias been taken out, and continuances entered.

[Cited in Thompson v. Phillips, Case No. 13,974.]

2. The court will not willingly listen to a motion to set aside an execution, on the ground that other property, in the hands of purchasers from the defendant after the judgment, and liable to contribute, might have been levied on.

3. Quere, if notice ought not to have been given to the plaintiff, that there was such property, in order to furnish him with an opportunity to levy upon it.

In the year one thousand seven hundred and ninety-one, judgment in this action was confessed. In one thousand eight hundred and five, a scire facias was sued out and judg-

[1] [Reported by Richard Peters, Jr., Esq.]

ment confessed in April, 1806. In October, 1806, a fieri facias was issued and levied on two lots; which upon an inquisition returned, were condemned. On the motion of the plaintiff, in 1813, this levy, inquisition,- and the venditioni exponas issued on it, were quashed. In October, 1813, a new fieri facias was issued, without a scire facias. Hurst died in 1804. The fieri facias was levied on sundry lots, in the hands of purchasers under Hurst, since the judgment was rendered. An inquisition was taken, and they were condemned, and a venditioni exponas was issued. Levy obtained a rule to quash the execution, and all the proceedings founded on it. First, because the fieri facias issued without a scire facias to revive it, against the executors of Hurst; and secondly, because the execution should have been levied upon other lands, in the hands of other purchasers under Hurst; that all might contribute. 1 Ld. Raym. 244; 2 Inst. 471; 3 Croke, 14; [Graff v. Smith] 1 Dall. [1 U. S.] 485.

WASHINGTON, Circuit Justice. Had this execution been an .alias, and the first execution, issued in 1806. been continued down, or the court could direct the continuances to be entered; the case would be different from what it is. But it is a new or original fieri facias, and having issued since the death of Hurst, the judgment ought to have been revived against his executors, by scire facias. As to the other point, it need not be decided. But the court will not willingly listen to a motion to quash an inquisition or venditioni exponas, on the ground, that there are some other purchasers unknown to the plaintiff, whose lands might have been levied on. At this rate, a plaintiff may be kept for many years, in pursuit of his rights; by new parties being suggested, as subject to contribution. It would seem reasonable, that those who. move to quash on this ground, should have notified the plaintiff, that there were such other persons and such other lands, liable to contribution;  in order that the plaintiff might have had an opportunity of including them in his levy. However, the court do not mean now to lay down any definite rule on the subject.

Rule made absolute to quash the execution, for the first cause.

[See Case No. 17;809.]